UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 6:09-CV-102-KKC

CECIL JONES                                                                                    PLAINTIFF

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                                             DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment by Plaintiff Cecil Jones ("Jones") and Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [R. 11, 12]. Jones argues that the ALJ erred by failing to give proper weight to the opinion of his treating physician and improperly rejected his complaints of disabling pain. The Commissioner responds that the decision denying benefits is supported by substantial evidence. For the reasons set forth below, the Court will grant the Commissioner's motion for summary judgment.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Jones was born on May 28, 1959, has an eleventh grade education and obtained his GED. AR 753-54. He alleges a period of disability beginning in 1991 when he was employed as a carpenter's helper. AR 14. He alleges disability due to back pain and a nerve condition. *Id.*

Jones filed prior applications for a period of disability, disability insurance benefits and Supplemental Security Income in October 1996 and March 2000 which were denied by an Administrative Law Judge ("ALJ") on May 20, 2001. AR 29, 32. Jones failed to appeal this decision and it became final and binding.

Jones filed the current application for Supplemental Security Income in February of 2002. AR 77-78. An ALJ issued a decision on June 10, 2004 denying benefits. AR 10. Jones requested review by the Appeals Council which denied the request. AR 5. As a result, Jones filed a complaint in the United States District Court. District Court Judge Unthank issued an order remanding the case for further proceedings. AR 409-17. On January 26, 2007, an ALJ denied Jones' claim once again. AR 392. After the Appeals Council declined a request for review, Jones again filed a complaint in federal court. AR 372. The Commissioner then filed a motion to remand which was granted by Judge Unthank on September 12, 2007. AR 662-63. Upon remand, a third ALJ issued a decision denying Jones' most recent claim for benefits. After the Appeals Council once again declined the request for review, the ALJ's decision became the final decision of the Commissioner and Jones filed the instant complaint in this Court. AR 633. Because Jones has exhausted all available administrative remedies, this case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-

86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). A district court may not review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as his own, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step,

the claimant must show that he suffers from a severe impairment or a combination of impairments that is severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimants RFC the inquiry proceeds to step four. At step four, the ALJ must determine whether the claimant can perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

The ALJ's decision initially recognized Jones' filing of prior applications for Disability Insurance Benefits and Supplemental Security Income, which resulted in a decision denying benefits which was issued on May 10, 2001. AR 643. Jones failed to appeal this decision and the ALJ indicated that good cause to reopen the prior decision had not been presented. *Id.* In light of the Sixth Circuit's decision in *Drummond v. Commissioner of Social Security*, 126 F.3d

837 (6th Cir. 1997), the ALJ indicated that he was bound by the findings of fact and RFC determination made in the prior ALJ's decision in the absence of new and material evidence showing that these findings and the RFC were no longer applicable. *Id.*

At step one, the ALJ determined that Jones had not engaged in substantial gainful activity at any time relevant to the decision. AR 645. At step two, the ALJ determined that Jones suffers from the following combination of severe impairments: (1) degenerative changes of the lumbar spine, (2) degenerative arthritis of the knees, (3) chronic obstructive pulmonary disease, and (4) depression and anxiety. *Id.* However, the ALJ noted that the medical evidence showed that Jones' physical condition had not changed significantly since the previous ALJ's final decision in 2001. *Id.*

At step three, the ALJ determined that Jones does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Jones' mental impairments, the ALJ determined that Jones failed to satisfy the "paragraph B" criteria of listing 12.04 because he had mild restrictions in activities of daily living, moderate difficulties in social functioning, mild difficulties in concentration, persistence or pace and had experienced no episodes of decompensation. AR 647-48. The ALJ also determined that the "paragraph C" criteria were not satisfied. AR 648.

Prior to step four, the ALJ determined that Jones has the RFC to:

perform work that does not require lifting or carrying in excess of 10 pounds; standing or walking more than 2 hours each during an 8 hour day; more than occasional balancing, kneeling, stooping, bending, or climbing stairs/ramps; any crouching, crawling, pushing/pulling with the lower extremities, or climbing ladders, ropes, or scaffolds; any exposure to dust, fumes, smoke, chemicals, or noxious gases; exposure to unprotected heights, dangerous or moving machinery, or temperature/humidity extremes. He is also limited to work that will allow him to alternate between sitting and standing at will.

5

> From a mental standpoint, the claimant has a limited, but satisfactory, ability to follow work rules, interact with co-workers and the general public, use judgment, interact with and accept criticism from supervisors, deal with work stresses, function independently, maintain attention/concentration, understand, remember, and carry out detailed instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. He is also limited to work that does not require more than borderline intellectual functioning, and that will accommodate a moderately limited ability to understand, remember, and carry out detailed instructions, maintain regular attendance/be punctual, complete a normal work day/week without interruption from psychologically-based symptoms, and respond appropriate to workplace changes.

AR 648. In making this finding, the ALJ found that Jones' statements about the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they contradicted the RFC. AR 649. The ALJ also failed to afford significant weight to the opinion of Dr. Prasad, Jones' treating physician, because her opinion was unsupported by objective medical findings. *Id.*

At step four, the ALJ found that Jones had no past relevant work. AR 650. Finally, at step five, the ALJ determined that considering Jones' age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. AR 650. The ALJ based this finding on testimony by a vocational expert ("VE") that a person with Jones' limitations could perform such representative occupations as surveillance monitor, production worker and inspector which existed in significant numbers in the national and local economies. AR 651. As a result, the ALJ concluded that Jones was not disabled as defined by the Social Security Act since May 11, 2001. *Id.*

**D. Analysis**

Jones raises two arguments on appeal. First, he asserts that the ALJ erred by failing to give controlling weight to the opinion of Dr. Bharan Prasad, his treating physician. Dr. Prasad

opined that Jones was unable to perform any substantial gainful activity because of his impairments and that this disability would last longer than twelve months**.**  Second, Jones asserts that the ALJ erred by summarily dismissing his allegations of disabling pain.

**1. Dr. Prasad's treating source opinion.**

The functional capacity form completed by Dr. Bharan Prasad on November 5, 2002, limited Jones to sitting for two hours, standing for one hour and walking for one hour during the course of a normal eight hour workday.  AR 193.  Dr. Prasad found that Jones could frequently lift up to 10 pounds, occasionally lift 11-20 pounds, but should never lift more than 20 pounds. *Id..*  Dr. Prasad found that Plaintiff could occasionally carry 10 pounds, but should never carry more than 10 pounds.  *Id.*  She further opined that Jones should never squat, crawl or climb but could occasionally bend and reach above shoulder level.  *Id.*  Dr. Prasad concluded by stating that Jones could not now participate in substantial gainful activity and indicated that his condition and disability would last in excess of 12 months.  *Id.*

Jones claims that the ALJ erred by giving insufficient deference to the opinion of Dr. Prasad, his treating physician indicating that Jones could not perform substantial gainful activity. Jones argues that if this opinion were given controlling weight, a finding of disability and an award of benefits would have been warranted.  Under applicable Social Security Administration ("SSA") regulations, opinions of treating physicians are entitled to controlling weight if they are (1) "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) not inconsistent with the other substantial evidence in [the] case record."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(quoting 20 C.F.R. § 404.1527(d)(2)).  If the opinion of a treating source is not entitled to controlling weight, the ALJ must still apply certain

factors to determine what weight the opinion should be given.[1] *Id.* These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant.

*Meece v. Barnhart*, 192 Fed. App'x 456, 461 (6t Cir. 2006)(unpublished)(quoting 20 C.F.R. §§ 404.1527(d)(2)-(d)(6).

In explaining why he rejected Dr. Prasad's opinion, the ALJ indicated that he did not afford it significant weight because it was not supported with objective medical findings. AR 649. The ALJ also noted that a subsequent physical examination by a consultative examiner was essentially normal and indicated that Jones could perform greater than sedentary work. In addition, the ALJ noted that in January 2006, Dr. Prasad found that Jones could perform a straight leg raise testing to 60 degrees which is only a mild limitation. AR 650.

In reviewing the evidence in the record, the Court finds that the ALJ did not err by affording Dr. Prasad's opinion little weight. Here the functional capacity form does not indicate what medical findings if any supported the severe limitations that Dr. Prasad imposed. Furthermore, on April 15, 2002, less than seven months before Dr. Prasad rendered her opinion, her office indicated that it had "[n]o record on this" patient. AR 136. While the record contains certain medical records from Manchester Family Practices which may have formed the basis for

---

[1] Even when a treating physician's opinion is not entitled to controlling weight, it is nonetheless generally entitled to more weight than other medical opinions because:
> these [treating] sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the applicant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2).

8

Dr. Prasad, these records do not appear to support the limitations that she imposed.

Dr. Prasad's opinion is also at odds with a subsequent examination by Dr. Takasha Stewart-Hubbard. On May 18, 2006, Dr. Stewart-Hubbard reviewed an x-ray of Jones lumbar spine showing normal alignment, no arthritic changes, no spur formation or osteophyte formation, and no acute bony abnormalities. AR 447. Dr. Stewart-Hubbard recognized that a radiology dictation from 2001 showed what appeared to be posterior disk bulges at the level of L3-L4 and L4-L5. AR 447-48. However, she indicated that while this may have been the source of Jones' discomfort, she stated that there was "full range of motion with no discomfort noted on exam." AR 448. Ultimately, Dr. Hubbard determined that:

> [a]dult physical functions including lifting, carrying, bending, sitting, pushing, pulling, and postural functions showed *mild limitations* on range of motion exam. Manipulative functions including reaching, handling, fingering, and feeling are normal. Vision, hearing and speaking showed no limitations. No environmental limitations.

*Id.* (emphasis added). Additional examinations discussed in the ALJ's hearing decision also support the decision to give Dr. Prasad's opinion little weight.

The record also indicates that Jones was referred for treatment at a pain clinic in mid-2005. Soon thereafter, his treating physician stated that he was unsure whether Jones would comply with treatment. Furthermore, in November of 2005 Jones was discharged from the clinic for non-compliance and treatment notes indicated that he was exhibiting drug seeking behavior which manifested itself by his asking for stronger narcotics and additional prescriptions when ample medication should have remained from his most recent prescriptions assuming he had been taken them as prescribed.

In reviewing Dr. Prasad's medical opinion and all of the evidence in the record, the Court

finds that the ALJ's decision to not afford Dr. Prasad's opinion significant weight was appropriate. Dr. Prasad's opinion did not indicate any medical findings that it was based on. In addition, several months before the opinion was rendered Dr. Prasad's office did not even have any treatment records on Jones. Finally, substantial evidence in the record is inconsistent with Dr. Prasad's opinion.

**2. Jones' complaints of disabling pain.**

Jones also alleges that the ALJ erred in summarily dismissing his complaints of disabling pain and the effects of his psychological problems on his perception of pain. When asked at his hearing whether there were any other physical problems besides his back that would prevent him from working, he responded "No. I don't think so." AR 759. Jones also testified that he has pain in his back everyday, and claimed that his depression had worsened and that his back pain had worsened and was spreading over his whole body. AR 760, 764. When asked how he feels in the mornings, Jones claimed that "I start hurting as soon as I wake up and feel tired and - - like I ain't got any rest." AR 765. He also testified that he spends most of his time lying down and was forced to lie down three or four times during a typical day. *Id.*

Plaintiff argues that this testimony supports his allegations of disability and is supported by restrictions imposed by his treating doctors and the objective medical evidence in the record. In evaluating complaints of pain, the ALJ may consider the credibility of the claimant. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6t Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). When reviewing an ALJ's credibility findings, courts should accord them great weight and deference because the ALJ has the duty of observing the witness's credibility and demeanor. *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). Despite this

deferential form of review, an ALJ's credibility assessment must still be supported by substantial evidence. *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In this case, for the reasons set forth below, the Court finds that the ALJ's determination that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment" is supported by substantial evidence. AR 649.

While the ALJ was required to consider all of Jones' statements about his symptoms including pain, these statements "will not alone establish that...[he is] disabled...." 20 C.F.R. § 404.1529(a). The Sixth Circuit has adopted a two prong test to aide evaluation of a claimant's assertion of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)(quoting *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6t Cir. 1986)); *see also* 20 C.F.R. § 404.1529(a).

Here the ALJ found that Jones' allegations were not supported by the objective medical evidence in the record. This includes treatment notes from 2002 to 2007 showing that Jones' sought medication refills and made complaints when his back pain would flare up. In 2005, the record indicates that Jones' treating physician at Manchester Medical Center refused to prescribe additional medications because Jones engaged in drug seeking behavior and failed to comply with recommended treatments. While Jones reported right leg symptoms beginning in 2007, physical examinations showed only mild changes and a 2008 lumbar MRI did not show

11

significant deterioration from what was noted at the time of the 2001 decision. Similarly as discussed above, the severe limitations imposed by Dr. Prasad's do not support Jones' allegations of disabling pain because they were not supported by any objective medical evidence and inconsistent with other substantial evidence in the record. Finally, the ALJ also determined that Jones' complaints of disabling pain were internally inconsistent with his testimony and inconsistent with several consultative examinations that were performed.

Social Security Regulations allow an ALJ to consider other factors where disabling severity cannot be shown by objective medical evidence alone including a claimant's daily activities, the type, dosage, effectiveness and side effects of medications taken to alleviate pain and treatments other than by medication that have been received. 20 C.F.R. § 404.1529(c). Furthermore, the ALJ may discount a claimant's credibility where he finds contradictions between the medical evidence, the claimant's testimony and other evidence in the record. *Bradley v. Secretary of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988). In this case, the medical evidence is at best inconsistent and does not clearly support Jones' allegations of disabling pain. As a result, the ALJ considered Jones' statements about his daily activities. *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ noted that Jones past statements that he took care of his disabled wife, managed money, drives and performs some household chores is inconsistent with his claims of disabling pain. Furthermore, the ALJ also noted that although Jones reported that he needed to stand after sitting for twenty-five minutes, he also testified that he had driven to the hearing non-stop for forty-five minutes.

In reviewing all of the evidence and the ALJ's hearing decision, the Court finds that the

ALJ did not summarily dismiss Jones' complaints of disabling pain. Rather, he found that these complaints were inconsistent with the medical evidence in the record and his activities of daily living. As a result, the Court will defer to the ALJ's assessment that Jones' statements about the disabling effects of his pain are not credible to the extent that they are inconsistent with the RFC assessment.

### III. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence supports the ALJ's decision that Jones is not disabled as defined by the Social Security Act. Accordingly, it is **HEREBY ORDERED** that:

(1) Plaintiff's motion for summary judgment [R. 11] is **DENIED;**

(2) The Commissioner's motion for summary judgment [R. 12] is **GRANTED;** and

(3) **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

Dated this 24th day of March, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge